## HOLBROOK *vs.* WEATHERBEE *& al.*

Where a subsequent attaching creditor had been permitted to defend the suit of a prior attaching creditor, under the provisions of *stat.* of 1831, *ch.* 508, it was held, that he could not be precluded from pursuing the defence by the defendant bringing into court, and depositing with the Clerk for his acceptance, the amount of his, the said subsequent attaching creditor's, claim.

In this action, which was *assumpsit*, for goods sold and delivered, the following facts were agreed by the parties, *viz :*

The writ was sued out by the present plaintiff, returnable at the *November* term of the C. C. Pleas, 1833, and the defendant's goods attached thereon. Certain other creditors of the defendants also commenced suits against them for the same term, and caused the same goods to be attached, subject to the attachment of *Holbrook.* At the first term, *Sylvester & Hoyt*, two of the subsequently attaching creditors, on their petition, and on giving bond, were admitted under the provisions of *stat.* of 1831,

Holbrook *v.* Weatherbee & al.

*ch.* 508, to defend this action on the ground that the claim set up therein was fraudulent.

At the same term, *Sylvester & Hoyt* recovered judgment in their action against the defendant, for $184,36 debt, and $27,84 costs of suit, — whereupon, they, the defendants, brought into Court the amount of said judgment in full satisfaction thereof, and deposited the same with the Clerk, where it remained subject to the order and disposal of *Sylvester & Hoyt.*

From the judgment rendered in this action, an appeal was taken to this Court, — and at the first term, the plaintiffs submitted a motion in writing, that the defendants be called and defaulted, they not appearing by themselves or attorney, and said *Sylvester & Hoyt,* being no longer entitled to defend, their judgment having been satisfied, — and the question was upon the granting or denial of this motion.

*Sprague* and *Heath,* for the plaintiffs, the argument of the former being submitted in writing.

The right of these petitioners to defend, depends upon the *stat.* of 25th of *March,* 1831, *ch.* 508.  By that statute, contrary to the general policy of the law, a third person is permitted to interpose between the parties on the record, and contest a demand and create litigation where the defendant himself does not controvert the justice of the plaintiff's claim.  This great inroad upon the general policy of the law, which endeavors to repress litigation, is manifestly founded upon this single, clear and cogent reason, that the subsequent attaching creditor depends for his security upon the same property that is attached by the first, and that if he do not defeat the first attachment, he will be in danger at least, of losing his own debt.  It is for these reasons that he is permitted to defend a suit to which he is not a party.  As his right to defend, depends entirely upon his interest in the question, upon the danger of his otherwise losing his demand, when that danger is removed, and that interest ceases, the right itself is also at an end.  " *Cessante ratione cessat ipso lex.*"  It would not only be an anomaly, but an absurdity to permit a third person either to come in, or to continue to contest the plaintiff's demand when such person has no rights at stake, and no interest in the question.  And such is the condition of *Sylvester & Hoyt.*  They

Holbrook *v.* Weatherbee & al.

cannot need the property attached or any portion of it for the payment of their debt. The amount due to them having been judicially ascertained, that amount has been brought into Court, and there deposited awaiting their acceptance of it. What interest have they, or can they have therefore, in contesting the demands of the present plaintiff. And what right can they have to harass or delay him by litigation ? *Sylvester & Hoyt*, act only for themselves. They neither petitioned originally, nor do they now appear in behalf of any other person, and it would be doing a gratuitous injustice to him, contrary to the spirit and reason of the law, and without any benefit to *Sylvester & Hoyt*, to allow them further to contest his demand. The defence of this action cannot be farther carried on under pretence of benefitting other creditors, who are not before the Court, and who have never asked any such benefit. For ought that appears, they are entirely satisfied. They may have other security — and if they have not, the course is open for them to avail themselves of the statute provisions in their favor. But the Court has no power to grant the favor to them indirectly through one who has no interest in the question. If they would have the benefit of the statute they must become petitioners themselves, in their own names setting forth *under oath* their claims, and the facts which shall entitle them to litigate with the plaintiff. To allow them to come in, in any other manner, would be to repeal one of the essential provisions of the statute, and deprive the plaintiff of the right expressly secured to him, of putting upon oath the party who claims to contest his demand.

*Allen* and *Alden*, for the subsequent attaching creditors.

PARRIS J.— Prior to the statute of *March* 25, 1831, *Chap.* 508, cases had frequently occurred where a subsequent attaching creditor, of property previously attached, had been compelled to stand by and permit a judgment to be rendered against *his* debtor on a fictitious demand, whereby his subsequent attachment would be wholly defeated; and if, by any fortunate arrangement with the officer having the execution issued on such fraudulent judgment, or in any other manner, he might afterwards have opportunity to contest the validity of such judgment, he would find

the burden of proof of its fraudulent character thrown upon him, so that, instead of the fraudulent plaintiff being required to prove the *bona-fide* character of his demand, a judgment would be procured, by collusion with the defendant, which would be conclusive upon all subsequent attaching creditors, unless they could shew that it was fraudulent.

By the wholesome provisions of the statute above mentioned, in all cases where the same estate has been attached on mesne process in two or more suits, the plaintiff in any suit after that in which the first attachment shall have been made, may petition the court whereunto the writ is returnable, at any time during the pendency of such suit, for leave to defend against such first suit in like manner as the party therein sued might have done, which petition may be granted, if the court shall deem it just and proper. If the court admit such petitioner to defend, he is to give bond to pay the plaintiff all such costs as the court shall adjudge and decree to have been occasioned to the plaintiff by such defence, and it is to be entered on the record that such petitioner is admitted to defend.

The motion now is that *Sylvester* and *Hoyt* should not be permitted to defend further. They have filed their petition, made oath to the facts therein stated, given the bond required, and been duly admitted on the record.

What would be the consequence of granting the present motion? Would it not be that *Sylvester* and *Hoyt* would be liable on their bond for all such costs as have been occasioned to *Holbrook* by their interference? Again, the statute provides that, if the petitioner prevails in defending against such previous action, the court shall render judgment thereon, and shall award execution to the petitioner for his reasonable costs. In what situation should we place *Sylvester* and *Hoyt* as to the costs which they have incurred, if we were now to refuse them permission to defend further? They have taken upon themselves the defence of the suit, have been in court for several terms, and incurred expense arising from such defence, and yet they are not the prevailing party, and consequently could not have a judgment for costs. It would be manifestly wrong that an honest creditor should be

thus harassed by the parties to a fraudulent sale, and after having incurred heavy costs in exposing the fraud, have the door at once closed upon him without the possibility of remuneration.   And yet such would be the hazardous situation of creditors situated like *Sylvester* and *Hoyt*, if the motion of *Holbrook*, now before us, is to be granted as matter of right.   They may have defended the original suit with complete success through all the intermediate stages up to the time for the final trial ; they may have expended, in such defence, a sum much larger than the debt which they are endeavoring to secure, and when the fraud is about to be conclusively established and the party plaintiff, a participator in the fraud, has no other means of escaping the accumulated costs, shall it be that he can do so by still further colluding with the defendant ?

Inasmuch as the petitioners, *Sylvester* and *Hoyt*, have been admitted to defend by the Court of Common Pleas, and have sustained the defence for several terms in that court, as well as in this, and are still desirous of defending, we think it would be unreasonable now to turn them out of court remediless as to costs, and, perhaps, even liable on their bond.

The motion of the plaintiff is, therefore, denied.